EHRLICH, Justice,
dissenting.
I fail to see what distinguishes this case from Welty. The deficit amounts are virtually the same; the period of wrongdoing is similar. The majority opinion notes that in the Welty ease a client suffered some delay in receiving his money, whereas none of Moxley’s clients was inconvenienced. The record clearly shows, however, that this distinguishing characteristic was a fortuity of good timing on the part of Moxley's clients, rather than a valid diminution of the egregious nature of the breach of professional responsibility.
In Welty, the respondent maintained throughout that the shortfalls in his account originally occurred without his knowledge because of incompetent record keeping, rather than' through intentional manipulation of trust accounts. Moxley, on the other hand, knowingly and intentionally violated his duty under the Code of Professional Responsibility to maintain inviolate the clients’ money. The degree of departure from the ethical canons of the profession, not the degree of loss sustained by the client, should determine the appropriate punishment. Otherwise, the philosophy of Bar discipline is reduced to “what the client doesn’t know can’t hurt the attorney.”
While Moxley’s cooperation with the Bar merits mitigation, apparently Welty also cooperated and voluntarily submitted to an audit. I also note that The Florida Bar Integration Rule, Rule 11.02(4)(b) requires production of trust account records at the direction of a grievance committee (among others) and that failure to so produce is grounds for independent disciplinary action. The Bar acknowledges Moxley’s cooperation in turning over the records without requiring that they be subpoenaed. That is not tantamount to admitting, as respondent urges, that but for this cooperation, no case could have been made against Moxley.
I agree that there are a number of significant mitigating circumstances. I feel the six-month suspension recommended by the Bar represents substantial mitigation of the sentence normally appropriate in cases of commingling funds and using client’s funds for personal expenditures.
ALDERMAN, J., concurs.